IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 1:12-cr-10092-JDB-1

WILLIAM OTHEAL NEACE,

    Defendant.

---

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018

---

On June 20, 2019, Assistant Federal Defender M. Dianne Smothers filed on behalf of the Defendant, William Otheal Neace, a "Notice of Completed Review - No Relief, Pursuant to the First Step Act of 2018," Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 45.) In its response filed July 25, 2019, the Government concurred. (D.E. 48.)

On October 15, 2012, Neace was charged in a three-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (D.E. 2.) Pursuant to a guilty plea to one count of the indictment, he was sentenced on December 9, 2013, to 100 months' incarceration, to be followed by three years of supervised release. (D.E. 34.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635). Accordingly, the FSA permits the retroactive reduction of sentences only with respect to those offenses. *Id.* at 809.

The crime for which Neace was convicted involved firearms, rather than crack cocaine; therefore, it was not a "covered offense" under the FSA. The statute provides him no relief.

IT IS SO ORDERED this 16th day of August 2019.

                s/ J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE